IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| STEVEN WARE ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:03-cr-319-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Steven Ware Adams's ("Adams") motion to amend/correct clerical error, ECF No. 143, Adams's motion to vacate pursuant to 28 U.S.C. § 2255, ECF No. 144, and Adams's motion to amend his § 2255 motion, ECF No. 149. For the reasons set forth below, the court grants the motion to amend/correct clerical error and denies Adams's § 2255 motion and motion to amend his § 2255 motion.

## I.  BACKGROUND

On September 18, 2013, Adams pleaded guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951 and using and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c)(1)(A)(ii). Adams was classified as a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guideliens") § 4B1.1 and sentenced to a term of 272 months' imprisonment. At the time of Adams's sentencing, the Sentencing Guidelines were mandatory. On October 9, 2014, Adams, acting pro se, filed a motion to amend/correct a clerical order in the judgment. ECF No. 143. Then on June 23, 2016, Adams, still acting pro se, filed a motion to vacate pursuant to § 2255. ECF No. 144. On August 25, 2016, Adams filed through counsel a

1

motion to amend his § 2255 motion and an emergency motion for release on bond. ECF No. 149. Adams's counsel then filed a supplement to Adams's § 2255 motion on May 31, 2017. ECF No. 151. The case was stayed on July 6, 2018 pending the resolution of an issue before the Supreme Court. ECF No. 152. The court then lifted the stay on October 15, 2019. ECF No. 154. The government responded to Adams's three motions on January 13, 2020. ECF No. 160.

## II. STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[1] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

### III. DISCUSSION

The court begins with Adams's motion to amend his judgment and then turns to his § 2255 motion.

**A. Motion to Amend/Correct Clerical Error in Judgment**

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, Adams asks the court to correct the spelling of his name in the judgment and records in this case and in his other case, 2:94-cr-864-001. Adams explains that throughout his two cases, his name is spelled as "Steven" when in actuality his name is spelled as "Stephen." Adams attached his birth certificate and his social security card to his motion to prove the proper spelling of his first name. Adams explains that this correction may seem unnecessary, but that he is concerned for the collateral consequences that could occur if he is misidentified. In response, the government explains that it does not have access to Adams's birth certificate or social security card and that it cannot verify the authenticity of those documents. However, the government does not object to the correction if the

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

court is both satisfied that the documents are authentic, and if Adams's name is spelled "Stephen" on those documents.

Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Having reviewed Adams's birth certificate and social security card, the court is convinced that the documents are authentic and that the proper spelling of Adams's first name is "Stephen." Therefore, the court grants Adams's motion to amend/correct the clerical error in the judgment in this case. The court denies Adams's motion as to his other case, 2:94-cr-864-001, because the motion was not filed in that case. Adams may file a similar motion in that case if he wants to court to amend the judgment in that case as well.

### B. Section 2255 Motion

Turning to Adams's § 2255 motion, Adams argues that his § 924(c) conviction must be vacated based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), which found the residual clause of the Armed Career Criminal Act to be void for vagueness. He contends that based on <u>Johnson</u>, the similarly-worded residual clause of § 924(c) is unconstitutionally vague, and that his predicate offense, Hobbs Act robbery, does not fall within § 924(c)'s force clause, meaning that his § 924(c) conviction is no longer valid. Then in Adams's supplement filed by counsel, Adams argues that his sentence is unconstitutional because it was predicated on the residual clause of the Sentencing Guidelines. Adams contends that the holding in <u>Johnson</u> extends to invalidate the residual clause of the Sentencing Guidelines, and because Adams's predicate offenses do

not fall within the other two clauses that warrant career offender classification, Adams can no longer be classified as a career offender. Adams also asks to be released on bond pending this court's decision on his § 2255 motion.

Adams, through counsel, filed another supplement to his motion in which he addresses Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Supreme Court held that the residual clause of the advisory Sentencing Guidelines was not void for vagueness, and Adams argues that because he was sentenced under the mandatory Sentencing Guidelines, Beckles does not apply to his § 2255 motion. Adams also discusses various developments in the law since Adams filed his original § 2255 motion.

Adams raises two challenges here: one based on § 924(c), and one based on the Sentencing Guidelines. Beginning with § 924(c), the Supreme Court recently held that the residual clause of § 924(c) is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). However, even in light of Davis, Adams's § 924(c) conviction and sentence are still valid based on the force clause. Pursuant to § 924(c), it is illegal for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States" to "use[ ] or carr[y] a firearm, or who, in furtherance of any such crime, possess[ ] a firearm." 18 U.S.C. § 924(c). The statute defines "crime of violence" as

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. The Davis Court found the residual clause, subsection B, to be void for vagueness; however, the force clause, subsection A, remains intact. As such, § 924(c) convictions based on an underlying crime of violence that fits within the force clause's definition are

5

still valid.  The crime of violence upon which Adams's § 924(c) conviction is based is his conviction for Hobbs Act robbery.  Adams argues that Hobbs Act robbery is not a crime of violence because the residual clause is void for vagueness and because Hobbs Act robbery does not qualify as a crime of violence under the force clause.  While the residual clause is void for vagueness, the second half of Adams's argument fails because the Fourth Circuit has recently held that Hobbs Act robbery does constitute a crime of violence under the force clause.  United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).").  Therefore, Davis offers no relief for Adams, and his § 924(c) conviction is still valid.

Adams's argument about the mandatory Sentencing Guidelines also fails.  The issue with this argument is timeliness.  Section 2255 imposes a one-year period of limitations, relevant here, from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Adams filed his § 2255 motion within one year of Johnson, which newly recognized that the residual clause of the Armed Career Criminal act was void for vagueness.  However, in United States v. Brown, the Fourth Circuit held a petitioner's § 2255 motion challenging his sentence under the mandatory Sentencing Guidelines was not timely because the right recognized by Johnson only related to the Armed Career Criminal Act, not the Sentencing Guidelines.  868 F.3d 297, 303 (4th Cir. 2017), cert. denied, 139 S. Ct. 14 (2018).  The same is true here.  Adams's challenge based on the Sentencing Guidelines is untimely because, as Brown makes clear, the Supreme Court

6

has yet to newly recognize a right related to the mandatory Sentencing Guidelines. Therefore, the court denies Adams's § 2255 motion and his related supplemental motions. The court also finds Adams's request to be released on bond pending this court's decision to be moot.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Adams does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

## IV. CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to amend/correct clerical error and **DENIES** Adams's § 2255 motion and motion to amend his § 2255 motion.

**AND IT IS SO ORDERED.**

                          **DAVID C. NORTON**
                          **UNITED STATES DISTRICT JUDGE**

**January 28, 2020**
**Charleston, South Carolina**